# EXHIBIT A

James S. Yu
**SEYFARTH SHAW LLP**
620 Eighth Avenue
New York, New York 10018-1405
(212) 218-5500

Molly M. Joyce (to be admitted *pro hac vice*)
Marcus L. Mintz (to be admitted *pro hac vice*)
**SEYFARTH SHAW LLP**
131 South Dearborn Street
Suite 2400
Chicago, Illinois 60603
(312) 460-5000

*Attorneys for Plaintiff Allstate Insurance Company*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY | **ECF CASE** |
| Plaintiff, | Civ. A. No. 13-7211 (JBW) (JMA) |
| v. | **PLAINTIFF'S FIRST SET OF EXPEDITED INTERROGATORIES** |
| YANNIS SIDAKIS, ANDREW SIDAKIS, ANNA ANASTASOPOULOS, and FRANCES BOULAS, | |
| Defendants. | |

------------------------------------x

## PLAINTIFF'S FIRST SET OF EXPEDITED INTERROGATORIES

Plaintiff Allstate Insurance Company ("Allstate"), by and through its attorneys and pursuant to Rule 33 of the Federal Rules of Civil Procedure, request that Defendants Yannis Sidakis, Andrew Sidakis, Anna Anastasopoulos, and Frances Boulas, provide written answers to the following interrogatories, under oath, in accordance with the definitions and instructions appearing below, within fourteen (14) days from the service of these interrogatories.

## DEFINITIONS AND INSTRUCTIONS

1. "You," or "Defendant" shall mean the party to whom these Requests are served upon, including your representatives, agents, and attorneys, and all other persons acting at the direction or on behalf of you.

2. "Allstate" or "Plaintiff" shall mean Allstate Insurance Company, including its parent, subsidiary or affiliated companies, and its and their respective officers, directors, employees, representatives, agents, and attorneys, and all other persons acting at the direction or on behalf of it or them.

3. "Complaint" shall mean the complaint filed by Allstate in the above-captioned matter.

4. Allstate incorporates by reference the definitions set forth in Local Rule 26.3.

5. In the event that your answer to any of these Interrogatories is to the effect that investigation is continuing, state:

(a) the identity of every person involved in conducting such investigation; and

(b) the nature of the investigation (*e.g.*, whether documents are to be reviewed, witnesses interviewed, *etc.*)

6. For each interrogatory to which you fail or refuse to fully respond on the grounds of any claim of privilege, provide all information relating to such privilege pursuant to Local Rule 26.2.

## INTERROGATORIES

### INTERROGATORY NO. 1

Identify all Allstate property in your custody, possession, or control.

### ANSWER:

### INTERROGATORY NO. 2

Identify all telephone numbers you, or any business you are affiliated with, have used from June 1, 2012 to the present.

### ANSWER:

### INTERROGATORY NO. 3

Identify all phone calls you have made to the Allstate customer service number from June 1, 2012 to the present, including: (a) the date of the call; (b) the phone number from which the call was made; (c) the purpose of the call; and (d) all documents relating to the call.

### ANSWER:

### INTERROGATORY NO. 4

Identify all persons to whom you have sold insurance products and/or services to from June 1, 2012 to the present, including: (a) the name and address of the person; (b) a description of the policy(ies) sold; (c) the date the policy(ies) were sold; (d) the amount of the annual premiums relating to the policy(ies) sold; and (e) all documents relating to the sale.

### ANSWER:

### INTERROGATORY NO. 5

Identify any and all electronic devices, including but not limited to, any home and/or work computers, hard drives, flash drives, iPods, iPads, cell phones, tablets, PDAs and other external storage devices in your possession, custody or control.

### ANSWER:

### INTERROGATORY NO. 6

Identify all contracts you have entered into related to the sale of insurance and/or financial products from June 1, 2012 to the present.

### ANSWER:

16570161v.2

## INTERROGATORY NO. 7

Identify all credit reports, insurance reports, and/or background checks performed since June 1, 2012, including: (a) the identity of the person you performed the report; (b) the date the report was run; and (c) all documents relating to the report.

## ANSWER:

DATED: December 20, 2013

Respectfully submitted,

_____

*Attorneys for Plaintiff Allstate Insurance Company*

James Yu
**SEYFARTH SHAW LLP**
620 Eighth Avenue
New York, New York 10018-1405
(212) 218-5500

Molly M. Joyce (to be admitted *pro hac vice*)
Marcus L. Mintz (to be admitted *pro hac vice*)
**SEYFARTH SHAW LLP**
131 South Dearborn Street
Suite 2400
Chicago, Illinois 60603
(312) 460-5000
*Attorneys for Plaintiff Allstate Insurance Company*

4

16570161v.2

James S. Yu
**SEYFARTH SHAW LLP**
620 Eighth Avenue
New York, New York 10018-1405
(212) 218-5500

Molly M. Joyce (to be admitted *pro hac vice*)
Marcus L. Mintz (to be admitted *pro hac vice*)
**SEYFARTH SHAW LLP**
131 South Dearborn Street
Suite 2400
Chicago, Illinois 60603
(312) 460-5000

*Attorneys for Plaintiff Allstate Insurance Company*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x
ALLSTATE INSURANCE COMPANY           :   **ECF CASE**
                                     :
                          Plaintiff, :   Civ. A. No. 13-7211 (JBW) (JMA)
                                     :
            v.                       :   **PLAINTIFFS' FIRST EXPEDITED**
                                     :   **REQUEST FOR PRODUCTION OF**
YANNIS SIDAKIS, ANDREW SIDAKIS, ANNA :   **DOCUMENTS**
ANASTASOPOULOS, and FRANCES BOULAS,  :
                                     :
                         Defendants. :
                                     :
------------------------------------x

**PLAINTIFFS' FIRST EXPEDITED REQUEST FOR PRODUCTION OF DOCUMENTS**

Plaintiffs Allstate Insurance Company ("Allstate"), by and through its attorneys and pursuant to Rule 34 of the Federal Rules of Civil Procedure, request that Defendants Yannis Sidakis, Andrew Sidakis, Anna Anastasopoulos, and Frances Boulas, produce each of the Documents identified and described below for inspection and copying at the offices of Seyfarth Shaw LLP, 620 Eighth Avenue, New York, New York 10018-1405 within fourteen (14) days from the date of service.

16569559v.2

## DEFINITIONS AND INSTRUCTIONS

1. "You," or "Defendant" shall mean the party to whom these Requests are served upon, including your representatives, agents, and attorneys, and all other persons acting at the direction or on behalf of you.

2. "Allstate" or "Plaintiff" shall mean Allstate Insurance Company, including its parent, subsidiary or affiliated companies, and its and their respective officers, directors, employees, representatives, agents, and attorneys, and all other persons acting at the direction or on behalf of it or them.

3. "Complaint" shall mean the complaint filed by Allstate in the above-captioned matter.

4. Allstate incorporates by reference the definitions set forth in Local Rule 26.3.

5. All responsive documents within the possession, custody or control of Defendant, as defined above, shall be produced.

6. Each responsive document or portion thereof that plaintiff claims to be privileged against discovery on any ground shall be identified pursuant to Local Rule 26.2.

7. With respect to each document otherwise responsive to a request to produce which has been lost or destroyed since its preparation or receipt, identify the document, state the request for production to which it would otherwise be responsive, and give the full particulars or circumstances whereby the document was lost or destroyed.

8. For those produced documents that require other documents to render the produced documents either comprehensible or not misleading, you are requested to include such other documents as well.

9. These requests are deemed to be continuing in nature, so that with respect to any request or part thereof as to which Defendant, after responding, discovers additional responsive

documents, Defendant shall produce such documents immediately after acquiring knowledge of their existence or advise in writing as to why such additional documents cannot be provided immediately.

## REQUESTS FOR DOCUMENTS

### REQUEST NO. 1:

All Allstate property in your custody, possession, or control.

### ANSWER:

### REQUEST NO. 2:

Any and all documents relating to Allstate property in your custody, possession, or control.

### ANSWER:

### REQUEST NO. 3:

Any and all documents relating to Allstate customers in your custody, possession, or control.

### ANSWER:

### REQUEST NO. 4:

Any and all documents relating to credit reports, insurance reports, and/or background checks performed since June 1, 2012.

### ANSWER:

### REQUEST NO. 5:

Documents sufficient to identify all customers to whom you have sold insurance products and/or services to from June 1, 2012 to the present.

**ANSWER:**

**REQUEST NO. 6:**

Any and all documents relating to Allstate in your custody, possession, or control.

**ANSWER:**

**REQUEST NO. 7:**

Any and all electronic devices, including but not limited to, any home and/or work computers, hard drives, flash drives, iPods, iPads, cell phones, tablets, PDAs and other external storage devices in your possession, custody or control.

**ANSWER:**

**REQUEST NO. 8:**

Any and all contracts you have entered into related to the sale of insurance and/or financial products from June 1, 2012 to the present.

**ANSWER:**

**REQUEST NO. 9:**

Any and all documents relating to your Answers to the Interrogatories.

**ANSWER:**

<div style="display: flex; justify-content: space-between;">

**DATED: December 20, 2013**

Respectfully submitted,

*[signature]*

*Attorneys for Plaintiff Allstate Insurance Company*

</div>

James Yu
**SEYFARTH SHAW LLP**
620 Eighth Avenue
New York, New York 10018-1405
(212) 218-5500

Molly M. Joyce (to be admitted *pro hac vice*)
Marcus L. Mintz (to be admitted *pro hac vice*)
**SEYFARTH SHAW LLP**
131 South Dearborn Street
Suite 2400
Chicago, Illinois 60603
(312) 460-5000
*Attorneys for Plaintiff Allstate Insurance Company*

5