UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------- x
                                   :
ALLSTATE INSURANCE COMPANY,        :
                                   :
                    Plaintiff,     :   **ECF CASE**
                                   :
         v.                        :
                                   :   Civ. A. No. 13-7211 (JBW) (JMA)
YANNIS SIDAKIS, ANDREW SIDAKIS, ANNA :
ANASTASOPOULOS, and FRANCES BOULAS, :
                                   :
                    Defendants.    :
                                   :
---------------------------------- x

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION FOR EXPEDITED DISCOVERY AND TO PRESERVE EVIDENCE

Dated: New York, New York
       December 20, 2013

SEYFARTH SHAW LLP

620 Eighth Avenue
New York, New York 10018
(212) 218-5500

Attorneys for Defendant
Allstate Insurance Company

16546896v.3

## INTRODUCTION

Allstate Insurance Company ("Allstate") filed this suit against Defendants Yannis Sidakis ("Yannis"), Andrew Sidakis ("Andrew"), Anna Anastasopoulos ("Anna"), and Frances Boulas ("Frances") (collectively, "Defendants") for breach of contract, trade secret misappropriation, unfair competition, and tortious interference. This case arises out of Defendants' illegal retention and misuse of Allstate confidential information and trade secrets, Defendants' efforts to impersonate Allstate customers to unlawfully acquire even more confidential Allstate customer information, and Defendants' running of unauthorized background checks on Allstate customers. Despite Allstate's demand last month that Defendants cease and desist in their breaches, they have categorically refused to do so.

Defendants' blatant and continuing misdeeds threaten Allstate with, among other things, significant and irreparable harm to its goodwill and customer relationships. Accordingly, in addition to filing its Verified Complaint for equitable and monetary relief, Allstate seeks to have an Order entered allowing expedited discovery and requiring Defendants to preserve all evidence in their possession, custody, or control. The purpose of the proposed expedited discovery, which is limited and narrowly tailored, is to allow Allstate to locate and retrieve its confidential information and trade secrets in Defendants' possession. Expedited discovery will also allow Allstate to preliminarily assess the harm that has been caused to Allstate's business, as well as the extent to which it is continuing, and whether pursuing a preliminary injunction is necessary.

## FACTUAL BACKGROUND

Until May 31, 2012, Yannis owned and operated an Allstate insurance agency as an Exclusive Agent. (*See* Verified Complaint, ¶ 45.) As an Exclusive Agent, Yannis was allowed to open an Allstate insurance agency, sell Allstate insurance products and services, and receive compensation for those sales. (*Id.*, ¶ 35.) His son, Andrew, as well as Anna and Frances, were

2

service providers at Yannis' agency. (*Id.*, ¶¶ 36-38.) Each of the Defendants had separate agreements with Allstate that provided, among other things, that upon termination of their respective relationships with Allstate, they would return all Allstate property in their custody, possession or control and would not use any Allstate confidential information for the benefit of anyone other than Allstate. (*See* Verified Complaint, Exs. A, B, C and D). These promises and obligations include Defendants' agreement that the following information constituted Allstate confidential information, was Allstate property, and would only be used for the purposes of carrying out Allstate business:

> business plans of [Allstate]; information regarding the names, addresses, and ages of policyholders; types of policies; amounts of insurance; premium amounts; the description and location of insured property; the expiration or renewal dates of policies; policyholder listings and any policyholder information subject to any privacy law; claim information; certain information and material identified by [Allstate] as confidential or information considered a trade secret as provided herein or by law; and any information concerning any matters affecting or relating to the pursuits of [Allstate] that is not otherwise lawfully available to the public. All such confidential information is wholly owned by [Allstate]. Such confidential information may be used by Agency only for the purposes of carrying out the provisions of this Agreement. (EA Agreement, § IV(D); Confidentiality Agreement, § 3).

Defendants also agreed that, upon the termination of their Agreements, they would return all Allstate confidential information and property to Allstate. (EA Agreement, §§ IV(B), XVIII(B)); Confidentiality Agreement, § 5.) Yet, their actions since then lead Allstate to the conclusion that they failed to do so.

Defendants' relationship with Allstate terminated on May 31, 2012, when Yannis sold his Allstate insurance agency. (Verified Complaint, ¶ 45.) Immediately after the sale of Yannis' Allstate agency, Andrew opened an insurance agency that sells products competitive to those offered by Allstate. (*Id.*, ¶ 7.) Both Anna and Frances are working with Andrew at his competing agency. (*Id.*) Since opening the competing agency, Defendants have called Allstate -

- *an estimated 311 times* -- pretending to be different Allstate customers to acquire additional Allstate customer information. (*Id.*, ¶ 48.) Allstate believes Defendants are able to impersonate Allstate customers only because they were privy to information relating to those very customers while working at the Yannis Allstate agency. (*Id.*, ¶ 52.) In addition, Defendants have run unauthorized credit checks on Allstate customers without their knowledge or consent, causing those Allstate customers to mistakenly believe Allstate was running the credit checks. (*Id.*, ¶¶ 54-55.) Defendants' antics are causing, and will continue to cause, Allstate significant harm. (*Id.*, ¶¶ 58-60.) Tellingly, the Allstate agent who purchased Yannis' Allstate agency has experienced a significant loss of business, which is dramatically inconsistent with any normal loss of customer retention. (*Id.*, ¶ 51.)

## ARGUMENT

The management of discovery, including the timing and scope of discovery, lies within the sound discretion of the Court. *See In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 69 (2d Cir. 2003); Fed. R. Civ. P. 26(d). In determining whether expedited discovery is appropriate, courts within the Second Circuit generally employ two standards. *Keybank, Nat. Ass'n v. Quality Payroll Systems, Inc.*, No. CV 06-3013, 2006 WL 1720461, *4 (E.D.N.Y. June 22, 2006).

The first approach involves applying the "reasonableness test," wherein courts should "examine the discovery request on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances." *Id.* (granting plaintiff's expedited discovery motion that sought the production of customer records relating to breach of contract claim); *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 326-327 (S.D.N.Y. 2005) (finding good cause for expedited discovery relating to the assets of foreign banks accused of fraud); *New York v. Mountain Tobacco Co.*, No. 12-cv-6276, 2013 WL 3488262, at *6 (E.D.N.Y. July 11, 2013)

4

16546896v.3

(expedited discovery relating to narrow issues was allowed prior to preliminary injunction hearing).

The second, less-frequently employed approach is a multi-part test which "requires a plaintiff seeking expedited discovery to show:

> (1) irreparable injury; (2) some probability of success on the merits; (3) some connection between the expedited discovery and the avoidance of irreparable injury; and (4) some evidence that the injury that will result without expedited discovery looms greater than the injury defendant will suffer if the expedited relief is granted."

*Keybank,* 2006 WL 1720461 at *4 (citing *Notaro v. Koch*, 95 F.R.D. 403, 405 (S.D.N.Y 1982)). This so-called *Notaro* standard, however, has been eschewed by many District Courts within the Second Circuit in favor of the "reasonableness test" mentioned above, because "employing a preliminary-injunction type analysis to determine entitlement to expedited discovery makes little sense, especially when applied to a request to expedite discovery in order to prepare for a preliminary injunction hearing." *Ayyash*, 233 F.R.D. at 326-27 (noting that the cases utilizing the "reasonableness test" "seem to have the better of the argument."); *Mountain Tobacco*, 2013 WL 3488262 at *6.

Regardless of the standard used, expedited discovery is appropriate here under both the reasonableness and *Notaro* tests. Under the reasonableness test, which Allstate submits is the proper framework for this Court to use, the expedited discovery requested by Allstate is narrowly tailored to identifying and recovering its confidential customer information currently in possession of the Defendants and learning the extent to which Defendants misused, and are continuing to misuse, the information. As stated in the Verified Complaint, Allstate has presented substantial evidence that demonstrates Defendants currently possess and are misusing confidential Allstate customer information, to the significant detriment of Allstate, which is a clear violation of Defendants' contractual and common law obligations to Allstate.

5

Specifically, and perhaps most troubling, Defendants have called Allstate's customer service center an approximate 311 times, each time impersonating Allstate customers to obtain detailed policy, coverage and premium information to solicit the Allstate customers they are impersonating. In order for Allstate's customer service center to disclose this confidential information, a caller must first present identifying information, such as a social security number or driver's license number. Thus, Allstate believes Defendants are misusing the confidential information they were privy to while working at the Yannis Allstate agency in order to impersonate Allstate customers. Once Defendants gain information about an Allstate customer's policy, Defendants then unlawfully target that Allstate customer in an attempt to sell the customer a competitive policy. Allstate also believes Defendants are misusing Allstate's confidential information to run credit checks on its customers, in a further attempt to solicit their business.

Moreover, Allstate does not seek expedited discovery regarding the entirety of its case. Rather, Allstate's request for expedited discovery is limited only to the issues and facts that need immediate attention and do not place an unreasonable burden on any party. Specifically, Allstate only seeks limited discovery to determine: (a) what Allstate confidential information is currently in Defendants' custody, possession, or control; (b) where such information may be located; and (c) the extent of Defendants' misuse of Allstate's confidential information, including whether it continues today, necessitating preliminary injunctive relief. Allstate's narrowly-tailored requests consist of seven (7) interrogatories and nine (9) document requests. (*See* Allstate's proposed expedited discovery attached to its Motion for Expedited Discovery and to Preserve Evidence as Exhibit A).

Allstate also meets the burden espoused in *Notaro*. Defendants' ongoing misdeeds, which are a clear violation of their obligations to Allstate, threaten Allstate with significant and irreparable injury. When Allstate demanded that Defendants cease and desist, they refused. Defendants' continued misuse of Allstate's confidential and proprietary information threatens to further harm Allstate's customer relationships, as well as its reputation and goodwill with its customers. *Golden Krust Patties, Inc. v. Bullock*, --- F. Supp. 2d ---, No. 13-CV-2241, 2013 WL 3766551 at *7 (E.D.N.Y. July 16, 2013) (Loss of client relationships and customer goodwill built up over the years constitutes irreparable harm.). While the narrowly-tailored discovery poses little burden on Defendants, Allstate faces significant and continuing injury if expedited discovery, which is directly aimed as assessing the Defendants' misdeeds and the extent to which they continue, is not granted.

Allstate also seeks an order requiring Defendants to preserve all evidence relevant to the facts and circumstances alleged in Allstate's Verified Complaint. This includes, but is not limited to, hard copy or electronic files of documents, computer files, hard drive data, ambient data, electronic mail messages, instant messages, contracts, invoices, files, correspondence and phone logs in Defendants' custody or control or otherwise available to Defendants that concern or relate to the issues set forth in Allstate's Verified Complaint. As set forth above and in the Verified Complaint, there are substantial grounds to believe that Defendants have misappropriated Allstate's confidential information and are using that information to solicit Allstate's existing customers in direct violation of the post-termination obligations Defendants owe Allstate. Preservation of evidence is thus essential to Allstate's ability to conduct discovery and prove its case. An order of preservation is clearly warranted and would cause no harm to Defendants.

16546896v.3

## CONCLUSION

WHEREFORE, Plaintiff Allstate Insurance Company respectfully requests that this Court enter an Order granting the following relief:

1. Allowing Allstate to issue its written discovery requests within twenty-four (24) hours of entry of an appropriate Order by this Court;

2. Requiring Defendants to respond to Allstate's written discovery requests within fourteen (14) calendar days of the Court's Order;

3. Requiring Defendants to preserve and produce for inspection, within seven (7) calendar days of the Court's Order, any and all electronic devices, including but not limited to, any home and/or work computers, hard drives, flash drives, iPods, iPads, cell phones, tablets, PDAs and other external storage devices in their possession, custody or control;

4. Requiring Defendants to appear for a deposition upon five (5) calendar days' notice and in any event within twenty-one (21) calendar days of the entry of the Court's Order; and

5. Requiring Defendants to preserve all evidence relevant to the facts and circumstances alleged in Allstate's Verified Complaint.

16546896v.3

DATED: December 20, 2013

Respectfully submitted,

*Attorneys for Plaintiff Allstate Insurance Company*

James Yu
**SEYFARTH SHAW LLP**
620 Eighth Avenue
New York, New York 10018-1405
(212) 218-5500

Molly M. Joyce (to be admitted *pro hac vice*)
Marcus L. Mintz (to be admitted *pro hac vice*)
**SEYFARTH SHAW LLP**
131 South Dearborn Street
Suite 2400
Chicago, Illinois 60603
(312) 460-5000
*Attorneys for Plaintiff Allstate Insurance Company*

16546896v.3