UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY,<br><br>        Plaintiff and Counter Defendant.<br><br>– against –<br><br>YANNIS SIDAKIS,<br><br>        Defendant and Counter Claimant. | **MEMORANDUM & ORDER**<br><br>13-CV-7211<br><br>FILED<br>IN CLERK'S OFFICE<br>U.S. DISTRICT COURT E.D.N.Y.<br>★ NOV 0 6 2014 ★<br>BROOKLYN OFFICE |

**Parties**                       **Appearances**

Allstate Insurance Company       James S. Yu
Seyfarth Shaw LLP
620 Eighth Avenue
New York, NY 10018
(212) 218-5500
jyu@seyfarth.com

J. Scott Humphrey
Seyfarth Shaw LLP
131 S Dearborn Street, Suite 2400
Chicago, IL 60603
(312) 460-5528
shumphrey@seyfarth.com

Marcus Mintz
Seyfarth Shaw LLP
131 S Dearborn Street, Suite 2400
Chicago, IL 60603
(312) 460-5000
mmintz@seyfarth.com

Yannis Sidakis                     Urban Sylvester Mulvehill, Jr.
O'Neill, DiManno & Kelly
15 Beekman Street, Suite 1000
New York, NY
(212) 267-5556
odklaw@erols.com



1

Jack B. Weinstein, Senior United States District Judge:

**Table of Contents**

I. Introduction ............................................................................................................. 2
II. Procedural History .................................................................................................. 3
III. Facts ....................................................................................................................... 3
IV. Motion to Dismiss Standard ................................................................................... 4
V. Law ......................................................................................................................... 5
   A. Breach of Contract Standard ............................................................................. 5
   B. Tortious Interference with Prospective Economic Advantage Standard .......... 5
VI. Application of Law to Facts ................................................................................... 6
   A. Breach of Contract ............................................................................................ 6
   B. Tortious Interference with Prospective Economic Advantage ......................... 7
VII. Conclusion .............................................................................................................. 7

## I. Introduction

An injustice might be afoot if—in contravention of rights prescribed to counterclaimant Yannis Sidakis in his brokerage agreement with Allstate Insurance Company ("Allstate")—Allstate acquired a non-Allstate book of business free of cost. Further discovery is needed to resolve facts related to the customs of the insurance trade, and to the particular relationship that existed between Sidakis and Allstate, between Sidakis and a third party insurance company, Northeast Agencies, Inc. ("Northeast"), and between Allstate and Northeast.

Effective May 1, 2000, through a contractual agreement with Allstate, Sidakis became an Allstate exclusive agent; his Allstate agency was located in Astoria. Beyond his Allstate bookings, Sidakis, with the permission of Allstate, and as part of his agreement with Allstate, acted as a broker for Northeast insurance policies.

Approximately twelve years later, on May 31, 2012, Sidakis sold his economic interest in the Allstate bookings to Peter Silletti, a newly approved Allstate exclusive agent, but did not sell Silletti his economic interest in the Northeast bookings. Sidakis makes two allegations regarding Allstate's conduct after May 31, 2012. *First*, he alleges that Allstate breached contractual

2

obligations owed to Sidakis by transferring his Northeast book of business—which he developed pursuant to a brokerage agreement with Northeast—to Silletti. *Second*, he argues that by instructing Northeast to transfer Sidakis's economic interest to Silletti, Allstate tortiously interfered with the business being conducted between Sidakis and Northeast.

Allstate's motion to dismiss Sidakis's claims to rights on the Northeast bookings is denied. The matter is respectfully referred to the magistrate judge to supervise expedited discovery and to assist the parties on possible settlement.

## II. Procedural History

On December 18, 2013, Allstate filed a complaint against Sidakis and three other defendants (all former Allstate agents), alleging breach of contract, misappropriated trade secrets and confidential information, unfair competition, and tortious interference. Compl., Dec. 18, 2013, ECF No. 1.

On February 10, 2014, Sidakis filed his answer to the complaint. Answer, Feb. 10, 2014, ECF No. 20. Less than one month later, Sidakis filed an amended answer and counterclaims against Allstate. Am. Answer & Countercls., Mar. 3, 2014, ECF No. 23. In response, Allstate filed a motion to dismiss the counterclaims. Mot. to Dismiss Countercls. of Yannis Sidakis, Mar. 27, 2014, ECF No. 25. Sidakis, amending his answer, also amended his counterclaims. Second Am. Answer & Countercls., May 21, 2014, ECF No. 33. These counterclaims are the subject of the instant case.

## III. Facts

Sidakis's agency relationship with Allstate was established pursuant to an Allstate Exclusive Agency Agreement, dated May 1, 2000. *Id.* ¶¶ 35–36. The agency relationship was

then modified under various notices, supplements, reference guides, and manuals in 2010, 2011, and 2012 (the "Allstate agreements"). *Id.* ¶ 36.

Under a brokerage agreement entered into with Northeast, as part of his agreement with Allstate, and with the approval of Allstate, Sidakis acted as an agent for Northeast. *Id.* ¶ 37. He administered a Northeast book of business separate and apart from his Allstate book of business so that the economic interest derived from the Allstate book of business was distinct from that of Northeast. *Id.* ¶¶ 37–40, 44–45; Hr'g Tr. Oct. 30, 2014. Sidakis alleges that his various Allstate agreements permitted him to sell each economic non-Allstate derived interest separately. *Id.*

On or about May 31, 2012, Sidakis sold his Allstate book of business to Silletti with the consent and approval of Allstate. *Id.* ¶ 41. Sidakis did not sell Silletti the Northeast book of business. *Id.* ¶ 42. Two weeks later, via email, Allstate requested Sidakis's consent to transfer the Northeast book of business to Silletti. *Id.* ¶ 43. Sidakis declined, intending to sell the Northeast book of business to another approved broker, as he claimed was permitted under the Allstate agreements. *Id.* ¶ 44. Ignoring Sidakis, Allstate instructed Northeast to transfer the book of business to Silletti. *Id.* ¶ 45. Northeast obliged, depriving Sidakis of the opportunity to transfer his economic interest in this booking to an approved broker. *Id.* ¶¶ 46–47.

IV. **Motion to Dismiss Standard**

To grant a motion to dismiss for failure to state a claim upon which relief can be granted, "a court must accept the plaintiff's factual allegations as true, drawing all reasonable inferences in plaintiff's favor." *Clark St. Wine & Spirits v. Emporos Sys. Corp.*, 754 F. Supp. 2d 474, 479 (E.D.N.Y. 2010). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (citation omitted). In a Fed. R. Civ. P. 12(b)(6) motion, "the issue is not whether a

4

plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 583 (2007) (internal quotation marks and citation omitted). It is the "legal feasibility of the complaint," and not the weight of the evidence, that must be assessed. *DiFolco v. MSNBC Cable LLC*, 622 F.3d 104, 113 (2d Cir. 2010). "The court may not dismiss a complaint unless it appears beyond doubt, even when the complaint is liberally construed, that the plaintiff can prove no set of facts which would entitle him to relief." *Scutti Enters., LLC. v. Park Place Entm't Corp.*, 322 F.3d 211, 214 (2d Cir. 2003).

V. **Law**

### A. Breach of Contract Standard

The Court of Appeals for the Second Circuit holds that to plead a viable breach of contract claim, a "complaint need only allege (1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 177 (2d Cir. 2004) (internal quotation marks omitted). The trial court's role at this stage of the litigation "is to determine whether the allegations . . . state the essential elements for a breach of contract claim, not to look into the merits of [the] case." *Speedfit LLC v. Woodway USA, Inc.*, No. 13-CV-1276 (KAM)(AKT), 2014 WL 5093161, at *12 (E.D.N.Y. Oct. 10, 2014).

### B. Tortious Interference with Prospective Economic Advantage Standard

To state a tortious interference with prospective economic advantage claim, the plaintiff must allege that "(1) [he] had a business relationship with a third party; (2) the defendant knew of that relationship and intentionally interfered with it; (3) the defendant acted solely out of malice, or used dishonest, unfair, or improper means; and (4) the defendant's interference caused injury to the relationship." *Kirch v. Liberty Media Corp.*, 449 F.3d 388, 400 (2d Cir. 2006)

5

(internal quotation marks and citation omitted). "[M]ere suspicions are inadequate to support a claim for tortious interference with business relations." *Scutti*, 322 F.3d at 217.

VI. **Application of Law to Facts**

A. **Breach of Contract**

Sidakis pleads with sufficient particularity his claim that Allstate breached contractual obligations owed to him. *See supra* Part V.A. *First*, he points to the existence of an agreement. Second Am. Answer & Countercls. ¶ 36. *Second*, he alleges that he adequately performed under the contract when, with the consent and approval of Allstate, he (1) entered into a brokerage agreement with Northeast and (2) sold his Allstate book of business to a newly approved Allstate exclusive agent on May 31, 2012. *Id.* ¶¶ 37, 41. *Third*, he emphasizes that Allstate breached its contract with him when it acquired the Northeast book of business free of charge and without his consent. *Id.* ¶¶ 43–47. *Fourth*, he states that he suffered damages when he was deprived of the opportunity to transfer his economic interest in the Northeast book of business. *Id.* ¶¶ 46–47.

Allstate references three contractual provisions, selected from both the Allstate agreements and Sidakis's brokerage agreement with Northeast, that it argues "expressly state": (1) Sidakis did not hold any ownership rights in the Northeast book business; (2) the Northeast book of business would automatically transfer with the sale of the Allstate book of business; and (3) any rights that Sidakis had to the Northeast business terminated after his relationship with Allstate was terminated. *See* Mem. in Supp. of Mot. to Dismiss Am. Countercls. of Yannis Sidakis 4, June 30, 2014, ECF No. 37. These clauses alone cannot—on the record as thus far established—support granting Allstate's motion to dismiss. Other clauses in the Allstate agreements appear to be at odds with the three provisions selected by Allstate. For example, one provision states that Sidakis "can sell [his] economic interest in [his] book of business to a single purchaser or multiple purchasers." *See* Decl. of Sidakis 9, Sept. 9, 2014, ECF No. 45-3.

6

Allstate's motion to dismiss the breach of contract claim is denied.

### B. Tortious Interference with Prospective Economic Advantage

Sidakis sufficiently pleads his tortious interference with prospective economic advantage claim. *See supra* Part V.B. He alleges that he had a business relationship with Northeast, a third party, that Allstate intentionally and improperly interfered with when—without Sidakis's consent—it instructed Northeast to transfer Sidakis's book of business to Silletti, thereby depriving Sidakis of his economic interest in the Northeast book of business and his relationship with Northeast. Second Am. Answer & Countercls. ¶¶ 40–47. Sidakis has expressed more than "mere suspicions," *Scutti*, 322 F.3d at 217, in his allegations and offered evidence suggesting that Allstate itself believed it required Sidakis's consent to transfer the business to Silletti. *Id.*

Without opining on Sidakis's ability to withstand summary judgment or to prove his claims at trial, his claim for tortious interference withstands a motion to dismiss.

### VII. Conclusion

Allstate's motion to dismiss defendant's counterclaims is denied. Discovery will be expedited under the supervision of the magistrate judge.

Trial for both the original claims and the counterclaims is set for May 4, 2015. A jury will be selected before a magistrate judge that morning, at a time set by the magistrate judge.

*In limine* motions will be heard on April 27, 2015 at 10:00 a.m.

By April 20, 2015, the parties shall submit to the court proposed jury charges and verdict sheets, *in limine* motions, and any supporting briefs; they shall exchange and file with the court:

(1) lists of pre-marked exhibits proposed for use at trial, together with copies of all exhibits;

(2) lists of proposed witnesses together with brief summaries of their proposed testimony; and

(3) stipulations with respect to all undisputed facts.

SO ORDERED.

/s/ Jack B. Weinstein

Jack B. Weinstein
Senior United States District Judge

Date: November 4, 2014
Brooklyn, New York